Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1118 | **DATE** | 8/9/2001 |
| **CASE TITLE** | Deering Precision Instruments vs. Vector Distribution Systems, Inc. e | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM AND OPINION: It is ordered that Bonso Electronics International's motion to dismiss the complaint for lack of personal jurisdiction is denied and Bonso's motion to dismiss for improper venue is also denied. [4-1]

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 10 2001 date docketed | |
| | Docketing to mail notices. | | 15 docketing deputy initials | 23 |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 AUG -9 PM 5: 14 | 8/9/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| AMM courtroom deputy's initials | | Date/time received in central Clerk's Office | AMM mailing deputy initials | |

| | |
|---|---|
| DEERING PRECISION INSTRUMENTS, L.L.C., | |
| Plaintiff, | Case No. 01 C 1118 |
| v. | |
| VECTOR DISTRIBUTION SYSTEMS, INC., GRAM PRECISION SCALES, INC., BONSO ELECTRONICS INTERNATIONAL, INC. and MOHAN THADANI, | Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Deering Precision Instruments, LLC ("Deering") owns United States Patent No. 4,744,428 (the "'428 Patent") for a lightweight portable scale that is small enough to be carried in a person's pocket. In its complaint, Deering alleges that Bonso Electronics International, Inc. ("Bonso") manufactures a pocket scale, the "VX-10," for Vector Distribution Systems, Inc. ("Vector") and its alleged alter ego Gram Precision Instruments ("Gram") that infringes the '428 Patent. Deering alleges that Bonso infringed its patent, contributed to infringement by its co-defendants, and/or induced infringement by others. Before the court is Bonso's motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(2), for lack of personal jurisdiction and improper venue.

23

## BACKGROUND

Bonso filed this motion to dismiss arguing that this court lacks personal jurisdiction over it and that venue is improper in this court. Bonso is a British Virgin Islands International Business Company with its principal places of business in Hong Kong and China. It is engaged in the business of manufacturing electronic equipment, and it primarily manufactures electronic scales, family radio products, and cordless telephones.

In support of its motion to dismiss for lack of personal jurisdiction, Bonso argues that it does not have any offices or employees in the United States, and it does not distribute, sell, market, or promote pocket-sized mechanical scales anywhere in Illinois. Bonso asserts that it does not sell, market, or promote any products in the United States but instead sells its products to customers who take title and delivery in Hong Kong. It argues that this court does not have specific jurisdiction over the claim because none of the alleged infringing activity took place in Illinois. Further, it alleges that this court does not have general jurisdiction over it because it does not have the requisite minimum contacts with the state to satisfy due process.

## DISCUSSION

The court applies Federal Circuit law when determining whether the court has personal jurisdiction over Bonso. *AKRO Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). A two-prong inquiry

governs the determination of personal jurisdiction over an out-of-state defendant. First, the defendant must be amenable to process in the forum state, which occurs if the defendant "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district is located." FED. R. CIV. P. 4(k)(1)(A). Second, the court's exercise of personal jurisdiction must comply with the precepts of federal due process as defined in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945) and its progeny. *See LSI Industries Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000).

A nonresident may be sued in Illinois if jurisdiction is permitted under the Illinois long-arm statute and the due process minimum contacts requirement is satisfied. The Illinois long-arm statute authorizes jurisdiction on any basis permitted under the Illinois Constitution and the Constitution of the United States. *735 ILCS 5/2-209(c)*. Here, Deering could obtain jurisdiction over Bonso under the Illinois long-arm statute if Bonso either committed the tort that is the basis of the suit in Illinois or did business in Illinois on a regular basis. *735 ILCS 5/2-209(a)(2), (b)(4)*.

Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 fn. 8, 104 S. Ct. 1868 (1984). General jurisdiction refers to suits that neither arise out of nor are

related to the defendant's contacts and is permitted only where the defendant has "continuous and systematic general business contacts" with the forum state. *Id.* at 416.

Because subject matter jurisdiction over Deering's action exists through a federal question, not diversity jurisdiction, the Due Process Clause of the Fifth Amendment is at issue. *ARKO*, 45 F.3d at 1544. Although the Supreme Court's constitutional jurisprudence explicates the demands of the Fourteenth Amendment's Due Process Clause, the Federal Circuit, like the Seventh Circuit, has applied the "minimum contacts" standard in *International Shoe* and its progeny to personal jurisdiction issues in federal question cases. *Id.* at 1545. In *International Shoe*, the Supreme Court held that federal due process requires minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe*, 326 U.S. at 316. Subsequent cases have defined the requisite minimum contacts as "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183 (1985). Last, the court must make a fairness inquiry to determine "whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Id.*, at 467-77, 105 S. Ct. at 2184-85.

Bonso argues that the court does not have personal jurisdiction over it pursuant to the Illinois long arm statute. *735 ILCS 5/2-209.* Bonso argues that it does not fall under section (a) of the statute, which involves specific jurisdiction over a party where the cause of action arises from enumerated acts, because it has not sold, directly or indirectly, any products or performed any services related to the allegedly infringing pocket-sized mechanical scale in Illinois. *See 735 ILCS 5/2-209(a)(1).* Bonso has attached an affidavit from its Director, George O'Leary, stating that Bonso has never used, sold, distributed, offered for sale, or manufactured any of the accused product in Illinois. *See* Exhibit A to Bonso's Memorandum. Further, Bonso argues that discovery on this issue has revealed only two business trips to customers and to a trade show in Illinois within the last two years, and that these customers are not involved with the infringing product. Bonso asserts that it has only two Illinois customers, neither of whom sell the accused scales. *See* O'Leary Dep. at 28.

Bonso is correct that Deering cannot establish that Bonso sold, either directly or indirectly, any of the infringing scales in Illinois. The one sale that Deering points to, the sale initiated by its lawyers' legal assistant, is insufficient by itself to establish personal jurisdiction under the Illinois long arm statute. Deering initiated the contact, and "contacts

resulting from the 'unilateral activity' of others do not count." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998), *citing*, *Burger King*, 471 U.S. at 475.

Deering argues that Bonso worked with Gram and Vector to manufacture and market the infringing scales, and that because the scales were labeled and packaged with the brand name and trademark of U.S. based Vector, Bonso reasonably should have known that its product was bound for distribution in the United States, including customers in Illinois. Deering cites the sale to Jennifer Diesing and her accompanying affidavit and argues that "the purchase of the infringing scale in Illinois triggered the 'commission of a tortious act' jurisdictional provision of the Illinois long-arm statute." Deering's Supplemental Opposition, at 8. The cases cited by Deering involved the federal due process requirements, not the Illinois long-arm statute, and the court finds that Deering has not submitted sufficient evidence to demonstrate that Bonso committed a tort in Illinois.

Next, Bonso argues that it is not "doing business" in Illinois and thus does not satisfy the "doing business" prong of the long-arm statute. *See 735 ILCS 5/2-209(b)(4)*. Bonso argues that it has no office, employees, agents, or representatives located in Illinois. Further, it asserts that it has no bank accounts, real or personal property, or inventory of its products in Illinois and that it does not maintain a mailing address, have a telephone

listing, or display any of its allegedly infringing products in Illinois. In response, Deering points to deposition testimony and documents that demonstrate that Bonso is doing business in Illinois. Bonso has had a ten year relationship with Illinois based Sunbeam and a three year relationship with Illinois based Taylor Precision Products. O'Leary Dep., at 28-29. Bonso's documents indicate that it regularly ships thousands of scales to these two customers based on purchase orders originating in Illinois. *See* Exhs. C and D. Deering asserts that in the last two years alone, Bonso has sold over 65,000 scales to its Illinois based customers and has had close dealings with those customers. Further, Deering asserts that Bonso's President, Anthony So, and a member of its Board of Directors, George O'Leary, have visited Taylor Precision Products in Oakbrook, Illinois and have attended trade shows in Illinois on Bonso business. O'Leary Dep. at 47-48, 53.

The court finds that these contacts are sufficient to establish that Bonso was "doing business" in Illinois on a regular and continuous basis. *See Michael J. Neuman & Associates, Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724-25 (7th Cir. 1994) (Defendant corporation was "doing business" in Illinois where it had no offices, affiliates, agents, employees, subsidiaries, or property in Illinois but had one sales representative who made significant sales to Illinois customers); *Perfect Latex, PVT., Ltd.*

*v. Steriltx (U.S.A.), Inc.*, No. 94 C 5435, 1005 WL 109308, *3 (N.D. Ill. March 10, 1995)(sales of non-related product to Illinois customer combined with sales call to the customer were sufficient contacts). Here, Bonso has long-term relationships with two customers in Illinois and has visited those customers several times. Bonso's business in Illinois was neither random nor sporatic, but was instead regular and continual.

The court next must evaluate whether its exercise of jurisdiction will offend due process. This inquiry has two parts. First, the Bonso must have purposely established "minimum contacts" in Illinois. *See Burger King,* 471 U.S. at 475. Second, the exercise of jurisdiction over Bonso must not offend traditional notions of fair play and substantial justice. *See International Shoe,* 326 U.S. at 316. The requisite minimum contacts are established if the defendant has purposefully availed itself of the privilege of conducting activities in Illinois.

Bonso argues that the exercise of personal jurisdiction over it would be unfair because it would be burdensome to pursue this case as its principal place of business as well as documents and witnesses are in Hong Kong and that Illinois has no particular interest in adjudicating this dispute since none of the alleged infringement occurred in Illinois.

The court finds, however, that due to the quality and continual nature of Bonso's business contacts with Illinois, the

exercise of personal jurisdiction over Bonso does not violate federal due process requirements. Bonso has had an Illinois customer for ten years and has sold thousands of its products to that customer. It cannot be said that requiring Bonso to subject itself to the jurisdiction of a federal court sitting in Illinois offends traditional notions of fair play and substantial justice. Accordingly, personal jurisdiction may properly be exercised over Bonso.

Last, Bonso's objection to venue fails because pursuant to 28 U.S.C. § 1391(d) venue is proper in any district for a foreign corporation. The Federal Circuit has held that "[v]enue lies ipso facto if . . . the district court has personal jurisdiction" over the defendant. *North American Philips Corp. v. American Vending Sales*, 35 F.3d 1576, 1577 n. 1 (Fed. Cir. 1994).

## CONCLUSION

For the foregoing reasons, Bonso's motion to dismiss the complaint for lack of personal jurisdiction is denied and Bonso's motion to dismiss for improper venue is also denied.

**IT IS SO ORDERED.**

                                                                  _____
                                                                  Harry D. Leinenweber, Judge
                                                                  United States District Court

Date: AUG - 9 2001